Jimmy POWELL, also known as
Jamel Ansaaru El Majid,
Plaintiff-Appellant

v.

Timothy MORRIS, Warden; Roger
Davis, Food Director; Gene Newsome;
Kenneth Powell, Chaplain; Eugene
Wigglesworth, Defendants-Appellees

No. 16-60155
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed July 20, 2017

Jimmy Powell, Pro Se

Benny McCalip May, Esq., Office of the
Attorney General for the State of Missis-
sippi, Jackson, MS, for Defendants-Appel-
lees Timothy Morris, Kenneth Powell, Eu-
gene Wigglesworth

Rebecca Goforth Bush, Senior Counsel,
Law Office of Scott C. Campbell, Jackson,
MS, for Defendants-Appellees Roger
Davis, Gene Newsome

Before KING, ELROD, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Jimmy Powell, Mississippi prisoner
# 48033, filed a pro se 42 U.S.C. § 1983
complaint against officials at the Mississip-
pi Department of Corrections (MDOC), al-
leging that they violated his First and
Eighth Amendments rights. He appeals
the magistrate judge's grant of the defen-

dants' motions for summary judgment and
the concomitant dismissal of his suit.

We review a grant of summary judg-
ment de novo, using the same standard as
that employed by the district court. *Car-
naby v. City of Houston*, 636 F.3d 183, 187
(5th Cir. 2011). Summary judgment is ap-
propriate "if the movant shows that there
is no genuine dispute as to any material
fact and the movant is entitled to judg-
ment as a matter of law." FED. R. CIV. P.
56(a). If the moving party establishes this,
the burden shifts to the nonmovant to set
forth specific evidence to support his
claims. *Duffie v. United States*, 600 F.3d
362, 371 (5th Cir. 2010).

"No action shall be brought with respect
to prison conditions under section 1983 of
this title, or any other Federal law, by a
prisoner confined in any jail, prison, or
other correctional facility until such admin-
istrative remedies as are available are ex-
hausted." 42 U.S.C. § 1997e(a); *Dillon v.
Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).
The defendants' summary judgment evi-
dence shows that Powell failed to exhaust
the MDOC's two-step Administrative Rem-
edy Program (ARP) with respect to his
complaint that he was not receiving a Ha-
lal diet, as he did not complete the second
step of the ARP. *See Wilson v. Epps*, 776
F.3d 296, 300 n.2 (5th Cir. 2015); MDOC
Inmate Handbook, ch. VIII. Moreover,
Powell has not met his burden of present-
ing evidence that shows that he exhausted
the ARP. *See Duffie*, 600 F.3d at 371;
*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th
Cir. 2012).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.